UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TL TOYS HK, LTD.,                    Civ. No.: 07 CV 1366 (DAB)

                Plaintiff,

-against-

CHRISHA CREATIONS, LTD.,

                Defendant.

-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF CHRISHA CREATIONS, LTD.'S MOTION TO DISMISS

RIVKIN RADLER LLP
Celeste M. Butera
Joseph K. Poe
926 RexCorp Plaza
Uniondale, NY 11556-0926
(516) 357-3000
Attorneys for Defendant
CHRISHA CREATIONS, LTD.

## TABLE OF CONTENTS

**Page**

SUMMARY OF THE ARGUMENT ................................................................................................ 1

STATEMENT OF FACTS .............................................................................................................. 2

    A.     The Rhode Island Action ................................................................................................ 2

    B.     The New York Action ..................................................................................................... 4

ARGUMENT .................................................................................................................................... 6

    I.     THIS ACTION MUST BE DISMISSED IN FAVOR OF THE FIRST-FILED RHODE ISLAND ACTION ........................................................................................................ 6

    A.     The First-Filed Rule ........................................................................................................ 6

    B.     The Second-Filed New York Action Must be Dismissed ............................................. 8

    C.     No Exceptions to the First-Filed Rule Apply ................................................................ 8

CONCLUSION ............................................................................................................................... 12

## TABLE OF AUTHORITIES

### CASES

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994) .......7, 9, 11

*Adam v. Jacobs*, 950 F.2d 89 (2d Cir. 1991) ..................................................................................6

*CGI Solutions, LLC v. SailTime Licensing Group, LLC*, 05 Civ. 4120, 2005 U.S. Dist.
        LEXIS 28878 (S.D.N.Y. Nov. 17, 2005)..........................................................................9

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000)..........................6, 7, 8, 9

*Computer Express International, Ltd. v. MicronPC, LLC*, 01 CV 4801, 2001 U.S. Dist.
        LEXIS 22584 (E.D.N.Y. Dec. 21, 2001) ........................................................................10

*First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989)...................................6

*Kellen Co., Inc. v. Calphalon Corp.*, 54 F. Supp. 2d 218 (S.D.N.Y. 1999) ..............................6, 7

*Prudential Securities Inc. v. Norcom Development, Inc.*, 97 Civ. 6308, 1998 U.S. Dist.
        LEXIS 10569 (S.D.N.Y. July 15, 1998) .........................................................................11

*SercoNet, Ltd. v. Netgear, Inc.*, 06 Civ. 5026, 2006 U.S. Dist. LEXIS 52065 (S.D.N.Y.
        July 26, 2006).............................................................................................................10, 11

*Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328 (S.D.N.Y. 1998) .............................................7, 9

## SUMMARY OF THE ARGUMENT

Chrisha Creations, Ltd. ("Chrisha") seeks an Order in accordance with Rule 12(b)(6), Fed. R. Civ. P., dismissing this action due to a pending, previously filed suit in the United States District Court for the District of Rhode Island involving the same parties and the same issues. In the alternative, Chrisha seeks a stay of this action pending the resolution of the first-filed action commenced by Chrisha in the United States District Court for the District of Rhode Island.

Under well-established Second Circuit law, where two actions are proceeding in separate courts but involve the same parties and arise out of the same factual grouping, transaction or series of transactions, the first filed of the actions takes priority absent "special circumstances" or a balance of convenience favoring the second-filed action. Here, Chrisha filed an action over three months before TL filed this action and, therefore, this action must be dismissed or, at a minimum, be stayed pending the resolution of Chrisha's first-filed action.

On November 16, 2006, Chrisha commenced an action in the United States District Court for the District of Rhode Island against the plaintiff in this action, TL Toys HK, Ltd. ("TL"). Chrisha served TL with the Complaint on January 16, 2007. In the Rhode Island Action, Chrisha sought money damages and declaratory relief from TL arising out of a dispute between Chrisha and TL related to TL's delivery of non-conforming and defective merchandise to Chrisha under the terms of a contract between Chrisha and TL. Over three months after Chrisha filed its Complaint in the Rhode Island Action, TL Toys commenced this action. In this action -- the New York Action -- TL

seeks monetary and declaratory relief from Chrisha arising out of an alleged breach of contract related to TL's delivery of non-conforming and defective merchandise to Chrisha under the terms of a contract between Chrisha and TL. It is obvious that the parties in both actions are the same and the actions arise out of the same factual grouping, transaction or series of transactions. Moreover, there are no "special circumstances" that warrant upholding the second-filed action over the first-filed action, nor do the balance of the conveniences tip in favor of the second-filed action. Accordingly, the within second-filed New York Action must be dismissed in favor of the first-filed Rhode Island Action.

## STATEMENT OF FACTS

This motion requires the Court to determine whether this action should be dismissed in the face of an action filed in the United States District Court for the District of Rhode Island -- more than three months before this action -- that involves the same parties and arise out of the same factual grouping, transaction or series of transactions. Both actions arise out of a dispute between Chrisha and TL related to TL's delivery of non-conforming and defective merchandise to Chrisha under the terms of a contract between Chrisha and TL.

### A.   The Rhode Island Action

On November 16, 2006, Chrisha filed an action in the United States District Court for the District of Rhode Island. In that action, Chrisha seeks a declaration that it properly rejected defective goods received from TL under Uniform Commercial Code § 2-601 *et seq.*; a declaration that it is entitled to indemnification from TL for claims against Chrisha by third-parties arising out of the delivery and rejection of defective

2

goods from TL; and damages as a result of TL's breach of the sales orders. *See* Declaration of Joseph K. Poe in Support of Chrisha Creations, Ltd.'s Motion To Dismiss ("Poe Dec."), Exhibit 1, ¶ 1. Chrisha asserted three claims for relief against TL in the Rhode Island Action: Proper Rejection Under the UCC (First Cause of Action), Indemnification of Third-Party Claims (Second Cause of Action), and Breach of Contract (Third Cause of Action).

Chrisha is a Rhode Island corporation with its principal place of business in Smithfield, Rhode Island. Poe Dec., Ex. 1, ¶ 2 (*see also* Poe Dec., Exhibit 5, ¶ 2). TL is a Hong Kong corporation with its principal place of business in Hong Kong. Poe Dec., Ex. 1, ¶ 3 (*see also* Poe Dec., Exhibit 5, ¶ 1).

Chrisha and TL entered into contracts for the purchase by TL of certain goods manufactured by TL, namely, "rotating inflatable products" and "inflatable Halloween archway tunnels." Poe Dec., Ex. 1, ¶ 7. Following delivery of the TL products, Chrisha determined that various defects existed and, therefore, the TL products did not conform to the terms of the contracts between Chrisha and TL. Poe Dec., Ex. 1, ¶¶ 9-11. Moreover, TL had not timely delivered the TL products as required by the terms of the contracts. Poe Dec., Ex. 1, ¶ 12. Accordingly, due to the non-conformity of the products, Chrisha rejected the TL products. Poe Dec., Ex. 1, ¶ 13. As a result of the non-conformity of the TL products, under the terms and conditions of the Uniform Commercial Code, Chrisha has no obligation to make payment to TL for any of the TL products. Poe Dec., Ex. 1, ¶ 15.

Chrisha served TL with the Complaint in the Rhode Island Action on January 16, 2007. Poe Dec., Exhibit 2. TL did not answer or otherwise respond to the Complaint within the time required by Rule 12, Fed. R. Civ. P. Poe Dec., Exhibit 3. Accordingly, on March 6, 2007, Chrisha sought the entry of a default in the Rhode Island Action. Poe Dec., Ex. 3. On March 7, 2007, the Clerk of the Court entered a default for Chrisha and against TL. Poe Dec., Exhibit 4. Chrisha is in the process of filing its motion for a default judgment in that action.

### B.   The New York Action

On February 23, 2007, TL filed this action in the United States District Court for the Southern District of New York. In this action, TL seeks relief from Chrisha arising out of an alleged breach of contract related to TL's delivery of non-conforming merchandise to Chrisha under the terms of a contract between Chrisha and TL. TL alleges that Chrisha has breached its contract with TL based upon its receipt of merchandise from TL and its failure to pay. Poe Dec., Exhibit 5, ¶ 6. TL asserts that it shipped the merchandise to locations as agreed with Chrisha. Poe Dec., Ex. 5, ¶ 7. Chrisha accepted the merchandise, but failed to timely or properly reject the merchandise. Poe Dec., Ex. 5, ¶ 9. Additionally, Chrisha made payments for some of the merchandise, but then stopped making payments. Poe Dec., Ex. 5, ¶ 12. Chrisha belatedly returned a small portion of the merchandise, contending that the merchandise was non-conforming. Poe Dec., Ex. 5, ¶ 13.

TL asserts six causes of action: Breach of Contract (First, Second and Third Causes of Action), Unjust Enrichment (Fourth Cause of Action), Book Account (Fifth

Cause of Action), and Breach of the Duty of Good Faith and Fair Dealing (Sixth Cause of Action). In its Second Cause of Action, for breach of contract, TL specifically refers to Chrisha's Complaint in the Rhode Island Action (contending that TL was not properly served), and alleges that the products Chrisha has alleged to be non-conforming were accepted by Chrisha or failed to timely or properly reject those products. Poe Dec., Ex. 5, ¶ 25. TL asserts that Chrisha has refused to make payment to TL for the non-conforming merchandise and seeks payment by Chrisha of the outstanding balance claimed owed for the non-conforming merchandise. Poe Dec., Ex. 5, ¶¶ 26-27.

The remaining causes of action in TL's Complaint seek relief based upon the contact entered into between Chrisha and TL. For example, TL seeks payment for other claimed outstanding balances for merchandise allegedly delivered to and accepted by Chrisha under the terms of the contract between TL and Chrisha. Poe Dec., Ex. 5, ¶¶ 28-37 (Third Cause of Action). TL asserts that Chrisha has been unjustly enriched as a result of its alleged failure to pay TL for the delivered merchandise as required by the terms of the contract. Poe Dec., Ex. 5, ¶¶ 38-41 (Fourth Cause of Action). Finally, TL alleges that Chrisha's conduct has deprived TL of the benefits of the contract. Poe Dec., Ex. 5, ¶¶ 47-51 (Sixth Cause of Action).

## ARGUMENT

**I.    THIS ACTION MUST BE DISMISSED IN FAVOR OF THE FIRST-FILED RHODE ISLAND ACTION**

Under well-established Second Circuit law, where two actions are proceeding in separate courts but involve the same parties and arise out of the same factual grouping, transaction or series of transactions, the first-filed of the actions takes priority absent "special circumstances" or a balance of convenience favoring the second-filed action. Here, Chrisha filed an action in Rhode Island more than three months before TL filed this action in which Chrisha seeks relief arising out of the same factual grouping, transaction or series of transactions that are at issue in this action. Moreover, no "special circumstances" exist and a balance of convenience favors the first-filed action. Accordingly, this action must be dismissed or, at a minimum, be stayed pending the resolution of Chrisha's first-filed action.

**A.    The First-Filed Rule**

"It is a 'well-settled principle' in this circuit that where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance of convenience in favor of the second." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000) (Sweet, J.); *see also Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). Proceedings involve the same issues if they "arise out of the same factual grouping, transaction, or series of transactions." *Kellen Co., Inc. v. Calphalon Corp.*, 54 F. Supp.

2d 218, 221 (S.D.N.Y. 1999) (Parker, J.).

The first-filed rule "seeks to advance judicial economy, protect the plaintiff's choice of forum and to avoid duplicative litigation. *Kellen Co.*, 54 F. Supp. 2d at 221.

Under Second Circuit law, the Court may not deviate from the first-filed rule "'absent a showing of a balance of convenience or special circumstances giving priority to the second suit.'" *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994) (Leisure, J.) (quoting *Ivy-Mar Co. v. Weber-Stephen Prods. Co.*, 1993 U.S. Dist. LEXIS 17965, *2-3 (S.D.N.Y. Dec. 21, 1993)). "Special circumstances" are generally defined as either an "improper anticipatory filing" or a filing motivated solely by forum shopping. *Citigroup*, 97 F. Supp. 2d at 556; *see also Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 332 (S.D.N.Y. 1998) (Baer, J.). The balance of convenience analysis "requires consideration of the same factors relevant to... a motion to transfer under 28 U.S.C. § 1404(a)." *Kellen Co.*, 54 F. Supp. 2d at 221. The factors in that analysis include:

> (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*800-Flowers*, 860 F. Supp. at 133. If the weighing of these factors tips in favor of the first-filed action, the Court must dismiss the second-filed action. *Id.* at 136.

### B. The Second-Filed New York Action Must be Dismissed

It is indisputable that the Rhode Island Action was filed more than three months earlier than the New York Action. Chrisha filed the Rhode Island Action on November 16, 2006 and served TL on January 16, 2007. More than one month after it was served in the Rhode Island Action, TL filed the New York Action on February 23, 2007. Indeed, in its Complaint in the New York Action, TL acknowledges that it knew of the Rhode Island Action before it filed the New York Action. Nevertheless, rather than respond to that first-filed action, TL instead chose to ignore it, not respond to it and file a duplicative action in this Court -- a venue with no connection to the dispute between Chrisha and TL.

Moreover, it is indisputable that the Rhode Island Action and the New York Action involve the same parties and the same issues. All of the claims for relief in the Rhode Island Action and the six causes of action in the New York Action arise out of the same factual grouping, transaction, or series of transactions, *viz.*, TL's delivery of non-conforming and defective products to Chrisha.

Accordingly, since the actions involve the same parties and the same issues and the Rhode Island Action is the first-filed action, the New York Action must be dismissed.

### C. No Exceptions to the First-Filed Rule Apply

TL has the burden of establishing that an exception to the first-filed rule applies. *Citigroup*, 97 F. Supp. 2d at 555-556 ("the party that seeks to deviate from the rule has the burden of demonstrating that circumstances justifying an exception exist"). Here, it is clear that no "special circumstances" exist and the balance of convenience is in favor of

the first-filed Rhode Island Action.[1] Therefore, the Court must grant Chrisha's motion and dismiss the New York Action.

First, Chrisha did not engage in forum shopping by filing an action in the District of Rhode Island. Chrisha is a Rhode Island corporation with its principal place of business in Rhode Island. Moreover, the decisions made by Chrisha concerning the non-conforming and defective products were made at its principal place of business in Rhode Island, and the contract at issue between Chrisha and TL was made in Rhode Island. Lastly, the locus of operative facts is Rhode Island (see, *infra*). Therefore, venue is eminently appropriate in Rhode Island. *Citigroup*, 97 F. Supp. 2d at 560 (no forum shopping where party's headquarters were located and conduct associated with dispute occurred in chosen forum); *see also Toy Biz*, 990 F. Supp. at 332 ("Forum shopping has been found to be present where a suit bears only a slight connection to the action.").

Second, Chrisha did not make an anticipatory filing in the District of Rhode Island. Once it became obvious that the parties could not otherwise resolve the issues arising from the delivery by TL of non-conforming and defective products, Chrisha determined that it needed to seek judicial intervention and guidance concerning its obligations under the Uniform Commercial Code. *800-Flowers*, 860 F. Supp. at 132-133. Moreover, there was no threat of imminent litigation by TL that Chrisha sought to thwart by winning the proverbial race to the courthouse. *Id.*; *see also CGI Solutions, LLC v. SailTime Licensing Group, LLC*, 05 Civ. 4120, 2005 U.S. Dist. LEXIS 28878, *9-13

---

[1] By asserting that there are no "special circumstances" and the balance of convenience does not tip in favor of the second-filed New York Action, Chrisha does not assume or otherwise shift the burden of establishing that an exception to the first-filed rule.

(S.D.N.Y. Nov. 17, 2005) (Batts, J.) ("Courts in this circuit have held that when a party sends a notice-of-suit letter to its opponent, and the opponent thereby files a declaratory judgment action, there is reason to find that the first-filed action is an anticipatory filing.").

Finally, the balance of convenience weighs heavily in favor of the first-filed Rhode Island Action. As discussed, Chrisha is a Rhode Island corporation with its principal place of business in Rhode Island. On the other hand, TL is a Hong Kong corporation with its principal place of business in Hong Kong. Accordingly, it is obvious that the "convenience of witnesses," "location of relevant documents," "convenience of parties," and "locus of operative facts" factors all favor the Rhode Island Action.

Clearly, Rhode Island is a more convenient venue for Chrisha, Chrisha's witnesses, and Chrisha's documents and other sources of proof. On the other hand, since TL is a foreign corporation with its principal place of business in another country, it cannot be said that Rhode Island is an inconvenient forum or that New York is a more convenient forum. *SercoNet, Ltd. v. Netgear, Inc.*, 06 Civ. 5026, 2006 U.S. Dist. LEXIS 52065, *4 (S.D.N.Y. July 26, 2006) (Rakoff, J.) (finding that other forum, since plaintiff was a foreign corporation, "will be, at worst, only marginally less convenient").

Moreover, since the essence of this dispute is the delivery to and rejection by Chrisha of non-conforming and defective products, which occurred in Rhode Island, the locus of operative facts for both actions is Rhode Island. *Computer Express International, Ltd. v. MicronPC, LLC*, 01 CV 4801, 2001 U.S. Dist. LEXIS 22584, *25-26 (E.D.N.Y. Dec. 21, 2001) (Glasser, J.) (the locus of operative facts for a breach of

contract action is based upon consideration of "'where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred'"); *Prudential Securities Inc. v. Norcom Development, Inc.*, 97 Civ. 6308, 1998 U.S. Dist. LEXIS 10569, *10-13 (S.D.N.Y. July 15, 1998) (Chin, J.). Indeed, it is apparent that no operative facts took place in New York.

Additionally, the weight accorded TL's choice of forum should be "diminished substantially" since it has "chosen a forum which is neither his home nor the place where the cause of action arose." *800-Flowers*, 860 F. Supp. at 135; *see also SercoNet*, 2006 U.S. Dist. LEXIS 52065 at *6-7 ("where the plaintiff itself has its principal base elsewhere (here, in Israel), less weight is accorded this factor").

The other factors, namely "the availability of process to compel attendance of unwilling witnesses," "the relative means of the parties," "a forum's familiarity with the governing law," and "trial efficiency and the interests of justice," arguably do not favor either venue. Accordingly, the balance of convenience plainly weighs in favor of the Rhode Island Action and does not justify deviation from the first-filed rule.[2]

Therefore, the Court must grant Chrisha's motion to dismiss this action since the Rhode Island Action was the first-filed action and no exceptions to the first-filed rule apply.

---

[2] Of course, since it is TL's burden to establish that "special circumstances" exist or that the balance of convenience weighs in favor of the second-filed New York Action, Chrisha expressly reserves its right to reply to TL's arguments in opposition to this motion to dismiss.

## **CONCLUSION**

The New York Action, as the second-filed action, must be dismissed in favor of the first-filed Rhode Island Action. As demonstrated above, Chrisha filed the Rhode Island Action over three months before TL filed this action, each action involves the same parties and the same issues, no "special circumstances" exist and a balance of convenience favors the Rhode Island Action over this action.

DATED:   Uniondale, New York
         March 29, 2007

                              Yours, etc.,

                              RIVKIN RADLER LLP

                    By:       _____
                              Celeste M. Butera (CB 5659)
                              Joseph K. Poe (JP 1960)
                              926 RexCorp Plaza
                              Uniondale, New York 11556-0926
                              (516) 357-3000

                              Attorneys for Defendant
                              ROYAL INDEMNITY COMPANY