UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TL TOYS HK, LTD.,

               Plaintiff,

    -against-                    07 Civ. 1366 (DAB)
                                     ORDER

CHRISHA CREATIONS, LTD.,

               Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/2007

     Plaintiff TL Toys, HK, LTD. ("TL Toys") and Defendant Chrisha Creations, Ltd. ("Chrisha") are involved in a mutual dispute over a contract to manufacture certain merchandise. Chrisha filed an action against TL Toys in the United States District Court for the District of Rhode Island (06-CV-499-S-LDA) (the "Rhode Island Action") on November 16, 2006 seeking a declaration that it had properly rejected as non-conforming, under the Uniform Commercial Code, a portion of the merchandise manufactured pursuant to the contract between the Parties. In that action, Chrisha also seeks indemnification of third-party claims against TL Toys arising from TL Toys' alleged breach of contract. On February 23, 2007, TL Toys filed the instant action in this Court against Chrisha alleging breach of contract based on Chrisha's alleged failure to pay for the portions of conforming merchandise that it did accept pursuant to the Parties' contract.

Chrisha now moves to dismiss the instant action pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of the "first filed rule". In the alternative, Chrisha moves to stay this action pending the outcome of the first filed Rhode Island Action.

"The 'first filed' rule states that 'where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action.'" City of New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991)(quoting Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974)). Additionally, under the Second Circuit's first filed rule, "a district court may enjoin the suitor in a more recently commenced case from taking any further action in the prosecution of that case if the claims presented in the second action should have been interposed as compulsory counterclaims to the claims in the suit pending before it." Computer Assocs. Int'l, Inc. v. Altai, Inc., 893 F.2d 26, 28-29 (2d Cir. 1990).

The first filed rule does not apply where special circumstances exist that would "justify giving priority to the second" action. Exxon Corp., 932 F.2d at 1025 (quoting William Gluckin & Co. v. International Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969)). The determination of whether any exceptions to the first filed rule apply, however, are left to the court where

the first action was filed. See <u>Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Liberty Mut. Fire Ins. Co.</u>, 05 Civ. 5262 (DLC), 2005 WL 2209110, at *1 (S.D.N.Y. Sept. 7, 2005)  In this case, there is no dispute that the Rhode Island Action was filed first and it is therefore up to the Rhode Island District Court to decide whether the instant second action ought to be enjoined under the first filed rule. See <u>Pem America, Inc. v. Lambert</u>, 03 Civ. 3706 (JFK), 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003) ("In order to avoid conflict and confusion, the courts of this district, guided by Second Circuit case law, have adopted the bright-line rule that the court in which the first action was filed has the right and responsibility to decide whether the first filed rule or an exception thereto applies"). Accordingly, Chrisha's Motion to Dismiss the Complaint based on the first filed rule is DENIED.

In a letter dated May 21, 2007, Chrisha advised the Court that the Rhode Island District Court has determined that TL Toys had been properly served with the Complaint in the Rhode Island Action pursuant to Fed. R. Civ. P. 4.  A copy of the docket sheet in the Rhode Island Action, appended to Chrisha's letter, shows that as of May 18, 2007, TL Toys has been ordered to answer or move with respect to the Complaint in that action.  The first filed Rhode Island Action is clearly well under way.  The Court

therefore GRANTS Chrisha's Motion to Stay the instant action pending the outcome of the Rhode Island Action.

## CONCLUSION

Chrisha's Motion to Dismiss is DENIED. This action is hereby STAYED pending the outcome of the Rhode Island Action. Furthermore, the Parties shall advise the Court in writing of the outcome of the Rhode Island Action. The Clerk of Court is directed to transfer this case to the Suspense Docket until further notification from the Court.

SO ORDERED.

Dated:   New York, New York
         August 29, 2007

*Deborah A. Batts*
Deborah A. Batts
United States District Judge

4